### LAYTON vs. SYNDICS OF MENARD.

APPEAL from the court of the parish and city of New Orleans.

PORTER, J. delivered the opinion of the court. This cause was argued at the bar, as presenting alone the question, whether immovable property sold by an act, *sous seing privé* and delivered, can be affected in the hands of the purchaser by mortages, recorded

When mortgaged property has passed into the hands of a third possessor, the creditor must exercise his right by action of mortgage.

An allegation that the plaintiff is owner, authorises evidence of possession.

VOL. II. (N. S.)  64

East'n District. against the seller subsequent to that sale and
May, 1824. delivery.

LAYTON
vs.
MENARD'S
SYNDICS.

The case has been kept a little longer than the usual time, under advisement, to enable us to arrive at a conclusion satisfactory to ourselves on this point ; but on further reflection, we think that the question is of too much importance to be settled in any case, where it is not absolutely necessary for a decision on the rights of the parties, and that it is not necessary here, we are perfectly satisfied.

The syndics of Menard the insolvent, seized and proceeded to sell the property claimed by the plaintiff, on the ground that it made a part of the insolvent's estate, and that the act under which the vendee held it, being one under private signature, they had a right to disregard it entirely.

In support of their right to do this, they shew that there were among the creditors, two who had a general mortgage on the property of the insolvent, and they contend that they represent the claim of these creditors, and have a right to enforce them.

Admitting this to be correct, the question is how can they enforce them—certainly in no other manner than the creditors themselves

East'n District.
*May*, 1824.

LAYTON
*vs.*
MENARD'S
SYNDICS.

could, for the insolvency does not increase their rights.

The means which the law gives to the mortgage creditor to carry into effect his lien, on property in the hands of a *third possessor,* are prescribed in the civil code, page 462, art. 44, by what is there called the action of mortgage, and to this remedy, the defendants should have resorted, if they wished to enforce mortgages existing on the property.

The *third possessor,* who is not personally responsible, has the privilege of pleading several exceptions against the mortgagee. To permit the *short hand* mode of proceeding resorted to in this instance, would be to deprive him of the means of using this defence.

A bill of exceptions was taken to the introduction of evidence on the part of the plaintiff, to shew that he was in possession of the lot which the syndics claimed, but we are of opinion, that there was no error in admitting it. The allegation in the petition, it is true is rather loose, but the assertion that it belonged to the plaintiff, or in other words, that he was the owner of it, was according to the provisions of our law, sufficient in a *real action,* to authorise the introduction of proof that he posses-

East'n District.
May, 1824.

LAYTON
vs.
MENARD'S
SYNDICS.

sed it,   as the law presumes, possession  to fol-
low the title.   *Curia Philipa*, §II,  *Labelo*,  no.
7.

As the  whole merits are  before us,  we at
first thought,  that we could proceed to give
judgment on them, but the plaintiff has preven-
ted us doing so, by excepting to the evidence of
the defendants.

We conclude therefore, that the parish judge
did not err in enjoining the syndics from sel-
ling this property, as part of the insolvent's
estate, and without at all deciding on the rights
of the mortgage creditors, we think  that the
judgment below should be affirmed with costs.

*Seghers* for the plaintiff, *Carleton* for the
defendants.